

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, Suite 700                    (973) 645-2700
Newark, NJ 07102

February 19, 2021

Tama Beth Kudman, Esq.
Tama Beth Kudman PA
The Comeau Building
319 Clematis Street, Suite 107
West Palm Beach, FL 33401
561-472-0811

Re:  Plea Agreement with Anderson Triggs

Dear Ms. Kudman:

This letter sets forth the plea agreement between your client, Anderson Triggs, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on March 12, 2021, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Anderson Triggs to an Information charging him with knowingly and willfully conspiring to receive illegal remuneration in violation of the federal Anti-Kickback statute, namely receiving kickbacks in return for the referral of prescriptions for medically unnecessary medications, for which payment was made in whole or in part under a federal health care program, contrary to 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371. If Anderson Triggs enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Anderson Triggs for, from in or about September 2014 through in or about July 2016, participating in a conspiracy to bill medically unnecessary compounded prescriptions to Medicare, Tricare, and other federal health care benefit programs, and receiving kickbacks for the referral of such prescriptions to a pharmacy located in Clifton, New Jersey.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Anderson Triggs agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Anderson Triggs may be commenced against him, notwithstanding the expiration of the limitations period after Anderson Triggs signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which Anderson Triggs agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Anderson Triggs is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Anderson Triggs ultimately will receive.

Further, in addition to imposing any other penalty on Anderson Triggs, the sentencing judge (1) will order Anderson Triggs to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Anderson Triggs to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Anderson Triggs, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Anderson Triggs to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed.  Should Anderson Triggs be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Anderson Triggs may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously

2

served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, Anderson Triggs agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense. This amount shall be at least $19,014,723.70 and shall be imposed jointly and severally with any other convicted defendants in the case.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Anderson Triggs by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Anderson Triggs's activities and relevant conduct with respect to this case.

Stipulations

This Office and Anderson Triggs agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not

3

release either this Office or Anderson Triggs from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Anderson Triggs waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, Anderson Triggs agrees to forfeit to the United States all of his right, title, and interest in all property he obtained that constitutes or is derived, directly or indirectly, from proceeds traceable to the conspiracy to pay illegal remunerations contrary to the federal Anti-Kickback statute, 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371, as charged in the Information. Anderson Triggs further agrees that the value of such property was $929,082.50; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by Anderson Triggs, in an amount not to exceed $929,082.50 (the "Money Judgment"). Anderson Triggs consents to the entry of an Order requiring him to pay the Money Judgement and agrees that such Order will be final as to him prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Anderson Triggs further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

4

Anderson Triggs waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Anderson Triggs understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Anderson Triggs waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Anderson Triggs further agrees that on or before the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Anderson Triggs fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Anderson Triggs has intentionally failed to disclose assets on his Financial Disclosure Statement, Anderson Triggs agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, provided that at the conclusion of the case the Office believes that this case meets the criteria for restoration or remission under the applicable Department of Justice regulations and policies. It is further understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

Anderson Triggs understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The

defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Anderson Triggs  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Anderson Triggs.

No provision of this agreement shall preclude Anderson Triggs from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Anderson Triggs received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Anderson Triggs and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: JASON S. GOULD
Assistant U.S. Attorney

APPROVED:

LEE M. CORTES, JR.
Chief, Health Care Fraud Unit

7

I have received this letter from my attorney, Tama Beth Kudman, Esq.  I have read this letter.  My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 3/18/2021
Anderson Triggs

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences.  My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

*Tama Kudman*
_____      Date: 3/18/21
Tama Beth Kudman, Esq.

8

Plea Agreement With Anderson Triggs

Schedule A

1.      This Office and Anderson Triggs recognize that the United States
Sentencing Guidelines are not binding upon the Court.  This Office and
Anderson Triggs nevertheless agree to the stipulations set forth herein, and
agree that the Court should sentence Anderson Triggs within the Guidelines
range that results from the total Guidelines offense level set forth below.  This
Office and Anderson Triggs further agree that neither party will argue for the
imposition of a sentence outside the Guidelines range that results from the
agreed total Guidelines offense level.

2.      The version of the United States Sentencing Guidelines, effective
November 1, 2018, applies in this case.

3.      The applicable guideline for the offense charged in the Information
is U.S.S.G. § 2X1.1, which provides that the base offense level for any
conspiracy is the base offense level from the guideline for the substantive
offense, plus any adjustments from such guideline for any intended offense
conduct that can be established with reasonable certainty.  Because the
substantive offense is a conspiracy to receive kickbacks, the applicable
guideline is U.S.S.G. § 2B4.1.

4.      Under U.S.S.G. § 2B4.1, the base offense level is 8. See U.S.S.G. §
2B4.1(a).

5.      Because this offense involved an improper benefit to be conferred
totaling more than $9,500,000 but not more than $25,000,000, the Specific
Offense Characteristic results in an increase of 20 levels.  See U.S.S.G. §
2B4.1(b)(1)(B) and 2B1.1(b)(1)(K).

6.      The Total Base Offense Level is 28.

7.      As of the date of this letter, Anderson Triggs has clearly
demonstrated a recognition and affirmative acceptance of personal
responsibility for the offense charged.  Therefore, a downward adjustment of 2
levels for acceptance of responsibility is appropriate if Anderson Triggs's
acceptance of responsibility continues through the date of sentencing.  See
U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, Anderson Triggs has assisted
authorities in the investigation or prosecution of his own misconduct by timely
notifying authorities of his intention to enter a plea of guilty, thereby permitting
this Office to avoid preparing for trial and permitting this Office and the court

9

to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Anderson Triggs's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Anderson Triggs enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Anderson Triggs's acceptance of responsibility has continued through the date of sentencing and Anderson Triggs therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Anderson Triggs's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to Anderson Triggs is 25 (the "agreed total Guidelines offense level").

10.     Pursuant to 18 U.S.C. § 3553(a), Anderson Triggs reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

11.     Anderson Triggs knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

10